[No. 2721.   Decided January 8, 1900.]

THE STATE OF WASHINGTON *on the Relation of M. Billings* v. ROBERT BRIDGES, *as Commissioner of Public Lands.*

CONSTITUTIONAL LAW—VESTED RIGHTS—WITHDRAWAL OF TIDE-LANDS FROM SALE.

Where an applicant for tide lands, competent to purchase same, has complied with all the preliminary requirements of the existing law at the time of his application, which would entitle him to a contract of sale, he has acquired a vested right in such lands, of which he cannot be deprived by a subsequent repeal of the law under which his application was made.

*Original Application for Mandamus.*

*Allen Weir,* for relator.

*Thomas M. Vance,* for respondent.

The opinion of the court was delivered by

REAVIS, J.—This is an application by the relator for a writ of mandate to require the commissioner of public lands to issue a contract to relator conveying to him certain lands described in the petition.   The material facts are that the relator, on January 7, 1897, filed his application to purchase the tide lands described in the petition; that the application was in due form, and accompanied by a certified transcript of the field notes of survey of the meander line, and showed that the relator was entitled to own and hold lands in this state; and that the relator, at the time of filing, deposited with the commissioner one-tenth of the purchase price of the tide lands described, pursuant to §§ 70, 71, pp. 557, 558, Laws 1895.   The notice of application to purchase was duly published as required by law, and, the publication thereof having been completed on the 12th day of March, 1897, the proof of publication

was filed on March 25, 1897. When the application was filed, and thereafter, until March 16, 1897, no preference rights of purchase existed to tide lands of the class involved herein. On the 16th day of May, 1897, the relator filed with the commissioner a demand that the contract of purchase should be issued to him, offering to do everything necessary and required to be done in connection therewith. On the 16th day of March, 1897, the act of March 16, 1897, went into effect, repealing the law of 1895, under which the relator's application to purchase was made, and reviving certain preference rights of purchase. Thereafter, on June 23, 1897, an application was filed by one Calhoun to purchase the land involved, under the new law.

Upon these facts the only issue that seems to rise is, was it competent for the state, on March 16, 1897, to withdraw the lands in controversy from the disposition under the law of 1895, and make some other disposition of the same? In other words, were the relator's rights sufficiently vested before the law of March 16, 1897 (Laws 1897, p. 229), went into effect to entitle him to the contract authorized in the law of 1895? The relator has called the attention of the court to the following authorities: *Lytle v. State,* 9 How. 314; *Stark v. Starrs,* 6 Wall. 402; *Barney v. Dolph,* 97 U. S. 652; *Hutchings v. Low,* 15 Wall. 77; *Wirth v. Branson,* 98 U. S. 118. In the latter case the court said:

" The rule is well settled, by a long course of decisions, that when public lands have been surveyed and placed in the market, or otherwise opened to private acquisition, a person who complies with all the requisites necessary to entitle him to a patent in a particular lot or tract is to be regarded as the equitable owner thereof, and the land is no longer open to location. The public faith has become pledged to him, and any subsequent grant of the same land to another party is void, unless the first location or entry be vacated or set aside."

In *Dash v. Van Kleeck,* 7 Johns. 503 (5 Am. Dec. 291), it was observed that

" The statute ought never be construed so as to defeat a suit or conveyance upon a right already vested."

It is maintained by counsel for respondent that the acts performed by relator, under the law of 1895, were preliminary to the right of the issue of the contract, and that the money, the one-tenth of the purchase price required under the act of 1895, was merely a deposit, and not an element of the contract, and that the relator's rights to make the purchase had not vested. *Allen v. Forrest,* 8 Wash. 700 (36 Pac. 971, 24 L. R. A. 906); *Frisbie v. Whitney,* 9 Wall. 187; *Hutchings v. Low,* 15 Wall. 77; *Campbell v. Wade,* 132 U. S. 35 (10 Sup. Ct. 9), are cited in support of the respondent's contention. It has been frequently determined by the supreme court of the United States, in the construction of the pre-emption law, that the acts performed by the pre-emption claimant, when accompanied by the payment of the purchase price, vested claimant's rights and he was entitled to the issuance of a patent. It is true that some of the acts required to be done under the pre-emption law were not required to be done under the act of the legislature of 1895, but the relator was a qualified purchaser, he made application to purchase under the existing law, and performed every act required by law to entitle him to a contract of purchase which would ultimately convey to him the title. These acts were completed before the repeal of the act of 1895, by the law of March 16, 1897.

The real question is, was it the duty of the commissioner to execute the contract of purchase when all these acts in conformity to the statute had been done? We think this question must be answered in the affirmative. If so, the intervention of the repealing statute could not change that duty and could not impair the obligation to

issue the contract. The case may be distinguished from that of *Campbell v. Wade, supra,* because in that case all the preliminary steps required by the law had not been complied with before the land had been withdrawn. We do not think the case of *Allen v. Forrest, supra,* affects the conclusion announced here.

The writ will issue.

GORDON, C. J., and DUNBAR, J., concur.