[No. 9141. Department One. November 10, 1910.]

## THE CITY OF ABERDEEN *et al.*, *Respondents*. v. R. A. WILEY *et al.*, *Appellants.*[1]

REFORMATION OF INSTRUMENTS—MISTAKE—RIGHT OF GRANTEES—ESTOPPEL—HIGHWAYS—PUBLIC LANDS—STATE DEED. In an action to reform a state deed for mistake in including a state aid road, established and partly built upon state tide lands, upland owners who subsequently applied to purchase the tide lands cannot take advantage, nor claim ignorance, of a mistake of the commissioner of public lands in executing the deed for the tide lands before receiving a waiver from the grantees as to the strip of land upon which the road was being built, such waiver having been demanded of them.

SAME—DEFENSES—ESTOPPEL—CONSTITUTIONALITY OF LAW—PUBLIC LANDS—TIDE LANDS—PREFERENCE RIGHT TO PURCHASE. The purchaser of state tide lands, applying for the same after a state aid road was established and partly constructed across the lands, cannot assert the unconstitutionality of the law establishing the state aid road and authorizing its construction, in an action to reform the state deed so as to except the road from the deed; the preference right to purchase not being a vested right, but a mere gratuity.

SAME—DEFENSES—DOCTRINE OF STATUS QUO. In an action to reform a state deed of tide lands by excepting a state aid road through the property, the doctrine of *status quo* has no application where the grantees knew, at the time the deed was given and the purchase price paid, that the state did not intend to include the roadway in the conveyance.

Appeal from a judgment of the superior court for Chehalis county, Irwin, J., entered August 6, 1910, in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action to reform a deed.    Modified.

[1]Reported in 111 Pac. 457.

*Conway & Snider* and *J. B. Bridges*, for appellants.

*The Attorney General* and *John C. Hogan*, for respondents.

GOSE, J.—The purpose of this action is to reform a deed, heretofore executed and delivered by the state to the defendants, conveying to them certain tide lands in the city of Aberdeen. The court entered a decree vacating the deed as an entirety. The defendants have appealed.

The respondents seek to reform the deed, so as to except and reserve to the state a strip of land forty feet in width lying along the banks of the Chehalis river, a tidal, navigable stream. In 1905, a law was enacted providing for building a state road in Jefferson, Clallam, and Chehalis counties, beginning at the city of Montesano, running westerly to Aberdeen, thence to Port Angeles, and appropriating $13,500 therefor, the same being designated as state road No. 9, Laws 1905, pages 18 to 22. In 1907, an additional sum of $30,000 was appropriated for the construction of the road. Laws 1907, pages 308 to 312. On January 4, 1907, the maps and profile of the road through Chehalis county were submitted to the highway board, and the road as surveyed through that county was declared feasible in accordance with the provisions of §4, Laws 1905, p. 356. On February 6, 1907, the state and the county of Chehalis entered into a contract with a construction company for the construction of a trestle road over the strip of land sought to be reserved, being a part of state road No. 9. The contract was completed about May 11 following. The contract provided that the state should pay $4,500, and the county of Chehalis $2,250, and that the city of Aberdeen should pay the remainder of the contract price. On April 16, 1907, the appellants, being the owners of the abutting uplands, filed in the office of the commissioner of public lands their application to purchase tide land lots 3 and 5, of tract 9, of the Aberdeen tide lands, of which the roadway in question is a part. On November 5, 1908, the

state conveyed these lots to the appellants, without reservation, for a consideration of $105.

The state contends that, through inadvertence, it failed to reserve the roadway. This contention has abundant support in the evidence. It appears that, while the application was pending, the state board of land commissioners refused to convey the land to the appellants until they filed a waiver as to the strip of land in controversy. The appellants thereupon submitted a waiver which the officers of the state turned back to them for correction. Before certifying to the governor the facts upon which the deed was issued, the land commissioner was advised by the highway commissioner that the waiver was on file in his office. Relying upon this information, the deed was executed.

The appellants contend that they only agreed to the waiver on condition that the state would forthwith execute the deed, and not require them to contest with the Northern Pacific Railway Company their preference right to purchase, and that if there was a mistake it was due to the negligence of the state's officers, and that the mistake was not mutual. The undisputed facts, however, are so cogent as to leave little force to this contention. It is not disputed that, at the time they filed their application to purchase, large sums of money had been expended upon the road, and that it was practically completed across the tide lots. The appellants certainly knew that the state did not intend to convey a roadway to them upon which it and the county and the city of Aberdeen had expended large sums of money. They knew that its good faith was pledged by the laws of the state and by the acts of the highway commissioner to the municipalities which had joined it in the enterprise. They cannot shut their eyes to the physical facts which were known to them, and now be heard to assert that they were ignorant of the state's mistake. They paid a mere trifle for the property.

The appellants further assert that the laws to which we

have referred are invalid in several respects as applied to the road in controversy, and that the road has never been legally established. We will not consider these contentions. The road was actually surveyed, constructed, and paid for long prior to the execution of the deed. In *Gifford v. Horton*, 54 Wash. 595, 103 Pac. 988, we said that the preference right given to the upland owner to purchase tide lands was not a right of property but "a mere gratuity." In *State ex rel. Wilson v. Grays Harbor & Puget Sound R. Co.*, *ante* p. 32, 110 Pac. 676, we held that the preference right to purchase tide lands is not a vested right as against the state, prior to actual purchase.

It is also contended that the superior court had no jurisdiction to review the decision of the board of state land commissioners; that the board acted judicially, and that it alone has power to correct the error. This view is untenable. *State v. Heuston*, 56 Wash. 268, 105 Pac. 474.

The doctrine of *status quo* has no application to the case. The appellants knew, when they took the deed and paid the purchase price, that the state only intended to convey to them so much of the tide lots as was not within the roadway.

The view we have taken of the case renders it unnecessary to consider other points pressed by the appellants. Their contentions are all technical. The state was dealing with its own property, and it could sell or withhold such part of it as it deemed expedient. The decree will be modified, with directions to the lower court to enter a decree reforming the deed so as to except the strip of land described in the third paragraph of the complaint and quieting title to the same. Neither party will recover costs.

RUDKIN, C. J., FULLERTON, PARKER, and MOUNT, JJ., concur.