[No. 9448. Department One. June 16, 1911.]

MELNORA ROBERTS et al., Appellants, v. THE CITY OF
SEATTLE, Respondent.[1]

EMINENT DOMAIN—PROPERTY SUBJECT—STATE SCHOOL LANDS. Rem.
& Bal. Code, § 7768 et seq., is not unconstitutional in providing for
the condemnation of lands granted by the United States to the state
for school purposes; since the sale of school lands is authorized by
Const., art. 1, § 16, providing that the same shall not be disposed of
except for the full market value.

SAME—LANDS DEVOTED TO PUBLIC USE—UNIVERSITY GROUNDS. A
thirty-foot strip off the state university grounds may be condemned
for a street, and it cannot be objected that it is already devoted to a
public use, where there is nothing in the record to indicate that it
was actually used by the university, and the record shows that the
land remaining will be benefited thereby.

SAME—OBJECTIONS—STATE LAND IN USE—EASEMENTS. That state
lands were already in use as a street is no objection to condemna-
tion proceedings to acquire the same for a permanent street; since
an easement cannot be acquired upon state land.

Appeal from an order of the superior court for King
county, Ronald, J., entered November 18, 1910, confirming
a reassessment roll for a public improvement, after a hearing
before the court. Affirmed.

*Bell & McNeil (H. R. Clise* and *C. K. Poe*, of counsel), for
appellants, to the point that state lands, already devoted to
a public use, cannot be condemned, cited: *Seattle & M. R.
Co. v. State*, 7 Wash. 150, 34 Pac. 551, 38 Am. St. 866, 22
L. R. A. 217; *St. Louis, J. & C. R. Co. v. Trustees of Illinois
Institution etc.*, 43 Ill. 303; *United States v. Certain Land
in New Castle*, 165 Fed. 783; *In re Utica*, 73 Hun 256, 26
N. Y. Supp. 564; *Mayor etc. of Atlanta v. Central R. &
Banking Co.*, 53 Ga. 120; *Evergreen Cemetery Ass'n v.
New Haven*, 43 Conn. 234, 21 Am. Rep. 643; *Carrol v. Van-
couver*, 11 B. C. 493; *McCullough v. Board of Education of
San Francisco*, 51 Cal. 418; *People v. Sanitary District of*

¹Reported in 116 Pac. 25.

*Chicago*, 210 Ill. 171, 71 N. E. 334; *State v. Boone County,* 78 Neb. 271, 110 N. W. 629; *In re St. Paul & N. P. R. Co.,* 34 Minn. 227, 25 N. W. 345; *Tacoma v. Nisqually Power Co.,* 57 Wash. 420, 107 Pac. 199.

*Scott Calhoun* and *Howard A. Hanson,* for respondent.

MOUNT, J.—This appeal is prosecuted from an order of the superior court of King county confirming a reassessment roll for a street improvement. It appears that, in the year 1909, the city of Seattle, under authority of an ordinance authorizing the proceedings, instituted an action to condemn certain property for the purpose of widening and improving Fifteenth avenue northeast and other streets in said city. This street extended along the west boundary of the university grounds and was only thirty feet in width. It was desired to take a strip thirty feet in width off the university grounds so as to make the street sixty feet wide. The regents of the university had some years before attempted to donate the strip sought, but it appeared that no legal dedication had been made. The street, however, had been used by the public to the full width. The state of Washington was made a party to the action, and appeared therein and consented to the adjudication. The value of the land taken was determined. Thereafter an assessment district was created, and the board of eminent domain commissioners levied an assessment on the property benefited to pay the cost of the improvement. This assessment roll was prepared and filed, objections were made thereto, and the court ordered a reassessment. Another roll was thereupon prepared and filed, and these appellants filed objections to the last roll. They also filed a motion to vacate the judgment in condemnation. When these objections were heard, the court denied the same, and also denied the motion to vacate the judgment in condemnation. The objectors have appealed from that order.

They make three contentions on this appeal, as follows: "(1) That chapter 153, Laws of 1907, p. 316 (Rem & Bal. Code, § 7768 *et seq.*), of the state of Washington, is unconstitutional, in that it provides for the condemnation of land granted to the state of Washington by the United States for school purposes; (2) that state land in actual use for a public purpose cannot be taken under a general act; (3) that the said condemnation proceedings and the assessments based thereon (in so far as they relate to Fifteenth avenue northeast) were unnecessary and unjust." It is doubtful if the objectors may raise these questions in this action, for the state was dealing with its own property, and could sell or withhold it as it deemed expedient, so long as it violated none of its trust obligations. *Aberdeen v. Wiley,* 60 Wash. 434, 111 Pac. 567. But, assuming that the objectors may raise the questions here, we shall briefly notice their contentions.

It is argued that the act in question is unconstitutional, because it provides for the taking of lands granted to the state for school purposes. Section 1 (Id., § 7768) of the act provides that certain cities are "authorized and empowered to condemn land and property, including state, county and school lands and property for streets, avenues, alleys," etc. We find no provision of the enabling act or of the constitution which provides that school lands shall not be sold. But section 1 of art. 16 of the constitution provides:

"All the public lands granted to the state are held in trust for all the people, and none of such lands, nor any estate or interest therein, shall ever be disposed of unless the full market value of the estate or interests disposed of, to be ascertained in such manner as may be provided by law, be paid or safely secured to the state."

See, also, *State ex rel. Port Townsend v. Clausen,* 40 Wash. 95, 82 Pac. 187.

This, by inference at least, authorizes the sale of school

lands by the state. The land taken was for a public street, and it was sold at a price exceeding $10,000 per acre, which was far above the minimum price at which the state might sell such lands. The condemnation had all the elements of a public sale. *In re Westlake Avenue*, 40 Wash. 144, 82 Pac. 279. The statute is clearly not unconstitutional upon the points presented.

It is also argued that the land taken was already devoted to a public use—that of education, and therefore cannot be taken for another public use. There is nothing in the record to indicate that the thirty-foot strip of land in question is actually in use by the university, and there is nothing to indicate that the taking of the strip of land will impair the use of the land remaining. On the other hand, the record shows that the remaining land will be benefited. Under this condition it may be taken. *State ex rel. Skamania Boom Co. v. Superior Court*, 47 Wash. 166, 91 Pac. 637; *Tacoma v. Nisqually Power Co.*, 57 Wash. 420, 107 Pac. 199.

It is also claimed that the condemnation was unnecessary and unjust. This claim is based upon the fact that the land was actually being used as a part of the street. This use, however, could not be made the basis of a right, for no easement could be acquired upon state lands. *State v. Seattle*, 57 Wash. 602, 107 Pac. 827, 27 L. R. A. (N. S.) 1188. It was, therefore, necessary for the city to acquire the property in order to make a permanent street.

We find no merit in the appeal, and the judgment is therefore affirmed.

DUNBAR, C. J., PARKER, FULLERTON, and GOSE, JJ., concur.