[No. 10999.   Department Two.   July 22, 1913.]

ANGIE C. KINNEAR, *Executrix etc., Appellants*, v. E. W. ROSS, *Commissioner of Public Lands etc. et al., Respondents.*[1]

PUBLIC LANDS—TIDE LANDS—PREFERENCE RIGHTS—AWARD—FINALITY—APPEAL.   Under Laws 1895, p. 527, giving abutters the preference right to purchase tide lands if there are no conflicting applications, and providing that in case of conflict the board of state land commissioners shall order a hearing upon sworn statements and certify its order to the commissioner of public lands, abutters have no vested preference right by virtue of an order granting their applications, where it appears that such order was not final and was not certified to the commissioner because of conflicting applications, that the board retained jurisdiction, gave notice of the contest and required statements, which were not filed, and finally denied the applications for want of proof of ownership, upon which no appeal was taken as required by law.

SAME — PROCEEDINGS — WAIVER OF RIGHT — FAILURE TO APPEAL. Under Laws 1895, p. 527, upon the denial of the preference right of abutters to purchase tide lands, after a hearing before the board of state land commissioners, the remedy is by appeal to the superior court, failing which, the abutters must be held to have acquiesced in the final disposition of their applications.

SAME—PREFERENCE RIGHTS—LACHES.   Abutters are estopped by laches to claim the preference right to purchase tide lands, where for more than ten years after their right accrued they failed to make any demand for a deed or tender the purchase price.

Appeal from a judgment of the superior court for Thurston county, Mitchell, J., entered September 9, 1912, upon findings in favor of the defendants, dismissing an action for equitable relief.   Affirmed.

*Charles A. Kinnear* and *Geo. B. Cole,* for appellants.

*The Attorney General* and *S. H. Kelleran, Assistant,* for respondents.

FULLERTON, J.—This action was instituted by the appellants to enjoin the commissioner of public lands from selling,

[1]Reported in 133 Pac. 607.

as property of the state, certain tide lands, known on the official plats of the state as block 411, Seattle tide lands. The commissioner of public lands took issue on the allegations of the complaint, and a trial was had thereon, which resulted in a dismissal of the action with prejudice.

The facts material to the inquiry in this court are not in dispute. On March 15, 1895, the board of state land commissioners of the state of Washington platted, with other lands, the tide lands here in question, and on that day filed such plat in the office of the commissioner of public lands, and in the office of the auditor of King county, the county in which the lands are situated; the appraised value of the block as shown on the plat being $231. The predecessors in interest of the appellants claimed to own uplands abutting upon the tide lands, and to have a preference right to purchase the block in virtue of statute; and on April 25, 1895, filed with the commissioner of public lands an application to purchase the same. No proof of ownership of abutting uplands conferring on them the right to purchase was submitted by the applicants, nor was the upland which the applicants claimed to own, and upon which they based their claim of right to purchase, described in the application.

In the meantime, three other applicants, claiming a preference right to purchase the land in virtue of upland holdings, filed with the commissioner of public lands applications to purchase the same. These several applications were referred by the commissioner of public lands to the board of state land commissioners; and that body, after due notice to the applicants, heard their several contentions, and on June 30, 1896, entered in their minutes an order rejecting all applications except that of the predecessors in interest of the appellants and awarding to such predecessors the preference right to purchase the property. This order, however, was not certified to the commissioner of public lands. On December 17, 1896, the board reconsidered and reviewed this order, and made a second order in which it found that the appellants' prede-

cessors were entitled to purchase only a portion of the block 11, and entered another order on their minutes in which it awarded to them only a part of such block, awarding the remainder to one A. C. Shaw, whose application had been rejected at the first hearing. This order likewise was not certified to the commissioner of public lands. On December 22, 1897, the board again reviewed its former orders at a hearing at which all of the applicants were again represented, those whose applications had formerly been rejected as well as the successful applicants. This order contains the following recital:

"In the hearing of the case it developed that each applicant based his right to purchase the tide lands in controversy upon the fact of his being the upland owner. The board thereupon ordered that the several applicants be ordered to furnish proof to the board of the ownership of the upland abutting the tide lands applied for by each, at the time said applications were filed. And it was further ordered that if such proof does not establish the fact of such ownership, the entire application shall stand rejected."

Notice of this order was given the applicants, together with a notice to the effect that a further hearing would be had on January 26, 1898. At the last mentioned date, none of the applicants appeared or attempted to furnish the proofs required, except A. C. Shaw, who filed a certified copy of a deed to certain uplands as such proof.

On February 7, 1898, the board again reconsidered and reviewed all of its prior orders relative to the purchase of the block in question, and on that day entered an order reciting that the applicants had failed to furnish the board with proofs of their upland ownership necessary to entitle them to a preference right of purchase under the statute, and ordered that each and all of the applications stand rejected for that reason, and that the land be "thrown open to sale by public auction as provided in section 47 of the act relating to public lands of the state." Notice in writing of this last order was served upon all of the applicants on February 11,

1898, the appellants' predecessors in interest as well as the others, together with a notice informing each of them that they had thirty days from the date thereof in which to appeal from the order. There was no appeal from the order, nor did the predecessors in interest of appellants tender the purchase price of the lands to the commissioner of public lands, or make any formal demand for a deed, within sixty days after notice was given them of the order rejecting their application. Indeed, no formal demand or tender was made until just prior to the institution of the present action, a period of more than ten years after the rejection of the application.

In September the land was reappraised (the appraisers finding the value thereof to be $4,000) and offered for sale, whereupon the present action was instituted with the result above stated.

The appellants contend that their predecessors in interest acquired a vested right to the land in virtue of the original order of the board of state land commissioners purporting to award to them a preference right to purchase the lands; that all of the subsequent orders of such board are, in consequence, nullities; and that they have now, as the successors in interest of the persons in whose favor the order was made, a right to a deed from the state for such property on the payment of its then appraised value.

The statute in force when the application under which the appellants claim was filed, Laws 1895, p. 527, gave the owner of uplands abutting upon tide lands a preference right to apply for the purchase of such lands for sixty days following the filing of the final appraisal of the same with the commissioner of public lands, and provided that, if at the end of such sixty days there were no conflicting applications filed, the applicant should "be deemed to have the right of purchase." It further provided that, if at the end of such sixty days there were conflicting applications filed for the land, the board of state land commissioners should order a hearing,

and should within a time stated order each applicant to submit under oath a full statement of the facts whereby he claims a preference right of purchase; which statement, it was further provided, should be the only pleading required, and should be deemed denied by the other applicants; that in case any applicant should fail within the time limited to file such statement, he should, unless good excuse be shown therefor, be deemed to have waived his right of purchase of the tract under his application, and that at the hearing the board should determine who has the first right of purchase, and should award the land to such applicant, and certify such award to the commissioner of public lands, who should thereafter proceed to sell and dispose of such lands in accordance therewith. It also further provided that, when the land should be finally awarded to an applicant, he must make his initial payment for the land within thirty days thereafter.

Tested by these statutes, it is plain that there was no final award of the lands here in question to the applicants. The order of the board of state land commissioners under which the appellants claim was not a final award. To make it final it was necessary that it be certified to the commissioner of public lands. The board did not so certify this order; on the contrary, it retained jurisdiction over the subject-matter and made further and different orders with respect thereto before it made such certification. The record, it is true, offers no direct explanation why the board did not certify to the commissioner of public lands its original order, but the reason is not far to seek. There were conflicting applications and the board had made the award without the pleadings and proofs required by the statute as a prerequisite to the determination of conflicting applications. It thought its order irregular and void, and retained jurisdiction over the cause that it might make a valid order in the premises. When, therefore, it retained jurisdiction and directed these proofs to be filed, and the applicants failed to comply therewith, it was justified in rejecting the applications and certifying the land

to the commissioner of public lands as lands not subject to a preference right of purchase.

Moreover, the right of the applicants to complete their purchase, if they were entitled at all to the right of purchase, arose when the order of the board was certified to the commissioner of public lands. The record is clear that these applicants had notice of this order and certification at the time it was made. Their remedy was to appeal to the courts from the order within the time and in the manner given them by statute; and failing to do so, they must be held to have acquiesced in the final disposition made of their application, even if we assume that the original order of the board was the only order the board had power to make.

Again, the appellants are estopped by their own laches from now asserting a preference right of purchase, or claiming under the original order. They did not, within a reasonable time, make a valid demand upon the board of land commissioners or the commissioner of public lands for a compliance with the order. A demand to be valid under such circumstances must be made within a reasonable time after the right accrued, it must be formal and be accompanied with a tender of the purchase price of the property. Here no such demand was made, and the record clearly shows that no tender of the purchase price to the state was made until more than ten years after the claimed right of purchase accrued.

The appellants cite and rely upon the case of *State ex rel. Billings v. Bridges,* 22 Wash. 64, 60 Pac. 60, 79 Am. St. 914, and *State ex rel. Wilson v. Grays Harbor & Puget Sound R. Co.,* 60 Wash. 32, 110 Pac. 676. But the rule of those cases does not aid the appellants. The applicants therein had complied with all of the requirements of the law necessary to the acquiring a right in the property, and appealed seasonably to the courts when their rights were not recognized. Here there was no such compliance in the first instance, and there was a delay of more than ten years between the time

the right is claimed to have accrued and the attempt to enforce such right. These facts differentiate the cases.

The judgment appealed from is affirmed.

MAIN, MORRIS, and ELLIS, JJ., concur.